IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv36

| | |
|---|---|
| BENJAMIN TATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | |
| ) | **MEMORANDUM OF** |
| NC PEPSI-COLA BOTTLING ) | **DECISION AND ORDER** |
| COMPANY OF CHARLOTTE, INC.,[1] ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on a motion for reconsideration by plaintiff [docket # 48] pursuant to FED. R. CIV. P. 59(e).[2] The court will deny the motion for reconsideration as untimely.

**I.   Background**

The facts of this employment discrimination case are set forth in detail in the court's previous order granting defendant's motion for summary judgment and the court need not recount them for the purpose of this Order. Plaintiff filed his complaint on February 1, 2009, alleging claims against defendant for employment discrimination on the basis of disability and race, and a claim for emotional distress. On July 14, 2010, defendant moved for summary

---

[1]   The correct corporate defendant is Bottling Group LLC.

[2]   Although plaintiff does not specify the Rule under which the motion for reconsideration is brought, the only procedure for such a motion is Rule 59 of the Federal Rules of Civil Procedure.

1

judgment. On August 17, 2011, the court heard oral argument from the parties on the summary judgment motion. On August 29, 2011, the court issued a Memorandum of Decision and Order, in which the court granted summary judgment to defendant and dismissed the case with prejudice. The court issued a final judgment in favor of defendant on the same day. On September 28, 2011, thirty days after the court's order grant summary judgment to defendant, plaintiff filed a Notice of Appeal to the Fourth Circuit. On the same day, plaintiff filed his motion for reconsideration in this court.

**II.     Analysis**

FED. R. CIV. P. 59(e) requires that a motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). The court's summary judgment Order and Judgment were both entered on Monday, August 29, 2011. Therefore, the deadline for filing a motion for reconsideration was 28 days later, on Monday, September 26, 2011. Plaintiff did not file his motion for reconsideration until September 28, 2011. Thus, his motion for reconsideration was untimely, and this court lacks jurisdiction to consider the motion. *Celanese Acetate, LLC v. Lexcor, Ltd.*, No. 3:08-cv-530-FDW, 2009 WL 2253210, at *2 (W.D.N.C. July 28, 2009) ("Importantly, Rule 59(e)'s ten-day limitation is not one of prudence or discretion, but of jurisdiction.") (under a prior version of Rule 59(e) imposing a 10-day limit).

**III.     Conclusion**

For the reasons stated herein, plaintiff's motion for consideration [docket # 48] is **DENIED** as untimely.

**IT IS SO ORDERED**.

Signed: October 26, 2011

Max O. Cogburn Jr.
United States District Judge